# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISON

**STEVEN JOSEPH DRZYMALA**

    **Plaintiff,**

v.                                             **Civil Action No:**    7:21cv00522

**BAE Systems Controls, Inc.**

                                                   **JURY TRIAL DEMANDED**

**Serve:**

**Registered Agent**
**CT Corporation System**
**4701 Cox Road, Suite 285**
**Glen Allen, VA 23060**

    **Defendant.**

## COMPLAINT

COMES NOW, Plaintiff Steven Joseph Drzymala (hereinafter, "Mr. Drzymala" or "Plaintiff"), by counsel, and states as his Complaint against BAE Systems Controls, Inc. (hereinafter, "BAE Systems" or "Defendant"), the following:

### I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

2. Venue is appropriate as the acts and/or omissions of Defendant from which the causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

3. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself to the jurisdiction of this Court.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a Dismissal and Notice of Rights from the EEOC dated July 13, 2021, attached hereto as **EXHIBIT A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. FACTUAL ALLEGATIONS

5. Plaintiff, Steven Joseph Drzymala, was born in 1960[1] and is currently sixty-one years of age. Plaintiff, at all times relevant, was a resident of Fincastle, Virginia.

6. Plaintiff began working for BAE Systems on or around August 1, 2016, as a Principal Electrical Engineer, Grade 11.

7. At all times during his employment with BAE, Mr. Drzymala received positive work performance evaluations. At no time during his employment with BAE did Mr. Drzymala receive any disciplinary action nor was he placed upon any performance improvement plans.

8. Because of Plaintiff's excellent work performance and dependability, he was promoted to Principal Electrical Engineer, Grade 12.

9. BAE paid Mr. Drzymala a salary along with numerous benefits.

---

[1] Mr. Drzymala's exact date of birth is not included due to privacy concerns, and due to filing requirements as per the United States District Court, Western District of Virginia Local Rules.

**A. BAE Systems used issues related to the global COVID-19 pandemic as a pretextual reason to terminate an older employee to be replaced with a younger employee.**

11. On or about December 26, 2020, Mr. Drzymala experienced an irritated throat with no other symptoms. Mr. Drzymala frequently experienced this same symptom due to allergies and dry heat.

12. Out of an abundance of precaution, Mr. Drzymala scheduled a privately administered COVID-19 test at his local pharmacy.

13. Without demonstrating any other symptoms, on December 28, 2020, Mr. Drzymala travelled to work to pick up a computer and provide parts to a contractor. Mr. Drzymala was at the worksite for no longer than thirty minutes.

14. On December 29, 2020, Mr. Drzymala received a positive test result for COVID-19.

15. Mr. Drzymala immediately contacted BAE's human resources department and informed a representative of his test results.

16. Later that evening, Mr. Drzymala received a phone call from human resources informing Mr. Drzymala that he was being placed on unpaid administrative.

**B. BAE Systems Enforced No Policy Regarding COVID-19 Exposure, Testing or Quarantining.**

17. At the time that Mr. Drzymala was placed on administrative leave, BAE had enforced no policy regarding COVID-19 safety measures that Mr. Drzymala could have violated. Upon information and belief, if such policy existed, BAE utilized the policy selectively to terminate older employees such as Mr. Drzymala.

18. However, on January 7, 2021, days after Mr. Drzymala had informed his employer of his positive test, BAE transmitted an email to all employees informing them

of a new notification and quarantine procedures regarding the COVID-19 pandemic. This information had never before been communicated to Mr. Drzymala.

19. Prior to this Company transmittal, a coworker in Mr. Drzymala's office tested positive for COVID-19, on or about December 14, 2020.

20. Several days later, an Engineering Manager that worked with Mr. Drzymala was directed by BAE to quarantine as he had been exposed to the affected employee.

21. Although Defendant knew that the affected employee had also exposed Mr. Drzymala to COVID-19, Defendant did not direct Mr. Drzymala to quarantine or to get tested. This is an example of Defendant's selective enforcement of COVID-19 guidelines and/or policies.

22. In fact, prior to December 14, 2020, Mr. Drzymala was directed by BAE Systems only two times to be tested for COVID-19. The first test was in the June 2020 time frame and the second test occurred in October of 2020.

**C. Mr. Drzymala's Unlawful Termination**

24. On January 12, 2021, Mr. Drzymala received a phone call from human resources informing him that his return to work depended upon the decision of Derek Wolf, Director of Engineering.

25. On January 14, 2021, a human resources representative telephoned Mr. Drzymala and informed him that he was terminated from employment with BAE.

26. Mr. Drzymala ultimately received a termination letter from BAE informing him that he had violated COVID-19 "guidelines".

27. Upon information and belief, Mr. Drzymala's job duties were subsumed by one or more younger employees.

28. On or about January 26, 2021, Mr. Drzymala received a telephone call from a Facilities Electrical Maintenance Engineer who informed Mr. Drzymala that BAE had demonstrated a very inconsistent application of the quarantine policy, to-wit, allowing some employees with head cold symptoms similar to the symptom experienced by Mr. Drzymala to work at the worksite. Moreover, BAE had provided inconsistent lengths of time to employees that required isolation due to exposure. According to this employee, Mr. Drzymala was the first employee of BAE he had known to be terminated for activities that other workers had similarly engaged.

29. At his age, Mr. Drzymala was one of the most senior engineers working at BAE Systems prior to his termination on January 14, 2021, and was protected from age discrimination by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

31. Upon information and belief, BAE System's decision to terminate Plaintiff was not based upon legitimate business reasons, but was merely a pretext to unlawful age discrimination, and under circumstances that raise a reasonable inference of unlawful discrimination based upon his age.

32. Upon information and belief, Mr. Drzymala was targeted and subjected to age-related discrimination by BAE Systems, whom, upon information and belief, held a discriminatory animus towards Mr. Drzymala due to his age. This ultimately resulted in Mr. Drzymala's pretextual termination from employment.

33. BAE Systems' engagement in a pattern and practice of age discrimination fostered a work environment charged with discrimination and hostile to Mr. Dryzmala. BAE Systems engaged in discriminatory practices with malice or reckless indifference to the federally protected rights of Mr. Dryzmala, and would not have taken the

discriminatory actions against him but for his age. Any reasons cited by BAE Systems for its decisions with regard to Mr. Drzymala were pretextual.

## COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA

34. Mr. Drzymala incorporates by reference herein the preceding paragraphs of this Complaint.

35. At the time of his termination from employment from BAE Systems, Mr. Drzymala was sixty years of age, and protected from age discrimination by the ADEA.

36. Prior to Mr. Drzymala's termination from employment, Mr. Drzymala was performing his work at a satisfactory level and meeting the legitimate business expectations of BAE Systems.

37. During his employment with BAE Systems, Mr. Drzymala experienced unwelcome discrimination based upon his age, ultimately resulting in Mr. Drzymala's termination from employment.

38. BAE Systems would not have terminated Mr. Drzymala, or taken the other discriminatory actions against him, but for Mr. Drzymala's age.

39. Any reasons cited by BAE Systems for Mr. Drzymala's termination were pretextual as Mr. Drzymala's workload was unworkable and unsustainable, setting him up for failure.  Mr. Drzymala's work performance was meeting BAE Systems' legitimate business expectations.

40. Upon information and belief, after Mr. Drzymala's termination from employment, his job duties were taken over by one or more BAE Systems employees, all of whom are younger than Mr. Drzymala.

41. As a direct and proximate result of BAE Systems' actions, Mr. Drzymala has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

42. At all times material hereto, BAE Systems engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Drzymala so as to support an award of liquidated damages.

43. The above-described acts by BAE Systems and employees of BAE Systems constitute age discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

**WHEREFORE**, Plaintiff Steven Joseph Drzymala prays for judgment against Defendant BAE Systems Clinic and for equitable relief, compensatory, liquidated damages, together with prejudgment interest from the date of Mr. Drzymala's termination from employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

**TRIAL BY JURY IS DEMANDED**.

Respectfully Submitted,

**STEVEN JOSEPH DRZYMALA**

*/s/ Thomas E. Strelka*
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330

Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*