IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN JOSEPH DRZYMALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:21-cv-00522 |
| ) | |
| ) | |
| BAE SYSTEMS CONTROLS, INC., ) | By:  Elizabeth K. Dillon |
| ) |         United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is BAE Systems Controls, Inc.'s ("BAE Systems") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9.) Because the complaint sufficiently states a claim and for the reasons stated below, the court will deny BAE System's motion to dismiss.

I.  BACKGROUND

Joseph Drzymala began working at BAE Systems in 2016 at the age of 56. (Complaint, Dkt. No. 1, ¶¶ 5–6.) During his employment, Drzymala received positive performance evaluations and a promotion. (*Id.* ¶¶ 7–8.) Drzymala never received disciplinary action. (*Id.* ¶ 7.)

Around December 26, 2020,[1] Drzymala scheduled a COVID-19 test. (*Id.* ¶¶ 11–12.) On December 28, 2020, with his COVID-19 test results still pending, Drzymala went into his office for about thirty minutes to pick up his work computer and drop off parts to a contractor. (*Id.* ¶

---

[1] Plaintiff's complaint specifically says, "On or about December 26, 2020." (Compl. ¶ 11.)

13.) On December 29, 2020, Drzymala received a positive COVID-19 test result. (*Id.* ¶ 14.) He reported this result to BAE System's Human Resources Department, and he may have told them he had come into work on December 28. (*Id.* ¶ 15; Brief in Support, Dkt. No. 10, at 2.)[2] Later that day, he was placed on administrative leave. (Compl. ¶ 16.)

On January 7, 2021, BAE sent out a company-wide email with updated COVID-19 policies, including reporting and quarantine procedures. (*Id.* ¶ 18.) According to BAE, although this email contained updates to the policies, BAE had been requiring quarantining and testing prior to that date. (Brief in Support at 3.) The parties disagree over whether Drzymala knew about the COVID-19 procedures that were in place prior to January 7. (*Compare* Compl. ¶ 18, *with* Brief in Support at 3.)

On January 14, 2021, Drzymala was terminated, a decision made by Director of Engineering Derek Wolf. (Compl. ¶¶ 24–25.) Drzymala received a letter stating that he had been terminated for violating the company's COVID-19 guidelines. (*Id.* ¶ 26.) At the time of termination, Drzymala was 59 years old. (Dkt. No. 11, at 3.) Drzymala believes that his position was filled by a younger employee as most BAE employees were younger than Drzymala, and he believes he was replaced by an existing employee rather than a new hire. (*Id.* ¶¶ 27, 29, 40.)

On January 26, 2021, Drzymala had a conversation with a BAE Systems Facilities Electrical Maintenance Engineer. This Engineer told Drzymala that Drzymala was the first employee to be terminated based on a COVID policy violation of this sort, despite other employees violating the policy in the same manner. (*Id.* ¶ 28.) Based on this information, along with his belief that he was replaced by a younger employee, Drzymala believes that he was

---

[2] Plaintiff's complaint does not report that Drzymala told HR about coming into the office on December 28. However, defendant's memorandum in support reports that he did. Of course, the court looks to the allegations in the complaint at this stage.

terminated because of his age rather than for violating the COVID-19 policies, in violation of the Age Discrimination in Employment Act of 1967.  (*Id.* ¶¶ 29–32.)

BAE Systems bases its motion on a lack of specific factual allegations in Drzymala's complaint, demonstrated by the plaintiff's heavy reliance on the phrase "upon information and belief."  In turn, Drzymala argues that he has stated plausible facts sufficient to survive a motion to dismiss.  Specifically, he argues that he has sufficiently alleged a plausible claim of Age Discrimination under the *McDonnell-Douglas* test, that any non-discriminatory reason given by BAE Systems for his termination is pretextual, and that "upon information and belief," as used in the complaint, meets the plausibility standard of *Twombly* and *Iqbal*.

## II.  ANALYSIS

### A.  Standard of Review

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw a "reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.  In determining whether Drzymala has satisfied this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, it need not "accept the legal conclusions drawn from the facts" or "accept as true facts or unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

## B. Age Discrimination in Employment Act

The Age Discrimination in Employment Act of 1967 ("ADEA") provides that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In bringing a claim under the ADEA, "a plaintiff can prove age discrimination either by presenting direct evidence of discrimination or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*." *Song v. Barrera*, No. 20-1554, 2021 WL 3732961, at *1 (4th Cir. Aug. 24, 2021). Here, Drzymala provides circumstantial evidence (Dkt. No. 11, at 2) and, thus, must present evidence through the *McDonnell-Douglas* framework.

In order to survive a 12(b)(6) motion for failure to state a claim under the ADEA, a plaintiff "is not required to plead a prima facie case of discrimination . . . but he must allege facts to satisfy the elements of an ADEA cause of action." *Id.* (internal quotations omitted). Thus, the plaintiff must plausibly allege the elements of the *McDonnell* framework, namely, that he: (1) is older than 40; (2) has been discharged or suffered an adverse employment action; (3) was performing his job duties at a satisfactory level at the time of the adverse employment action; and (4) his position remained open or was filled by a younger employee who is not in the protected class. *See Loose v. CSRA Inc.*, No. 19-2394, 2021 WL 4452432, at *2 (4th Cir. Sept. 29, 2021); *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

Here, the first three elements are not disputed. Both parties agree that Drzymala is 59, that he was terminated from BAE, and that his job performance was at least satisfactory. The only fact in dispute is the age of Drzymala's replacement. Neither Drzymala nor BAE state the age of Drzymala's replacement, but it is for Drzymala to plausibly allege this last element.

Drzymala argues that his replacement was younger, based "upon information and belief" that his job was filled by another BAE employee and his knowledge that most of his coworkers "are younger than Mr. Drzymala." (Compl. ¶¶ 27, 29, 40.) Therefore, whether Drzymala has met his prima facie burden regarding this last element depends upon whether his statements made "upon information and belief" satisfy the plausibility standard under *Twombly* and *Iqbal*.

## C. Upon Information and Belief

A plaintiff is generally permitted to plead facts based "upon information and belief" if the plaintiff "is in a position of uncertainty because the necessary evidence is controlled by the defendant." *Carter v. Va. Dep't of Game & Inland Fisheries*, 2018 WL 3614975, at *9 (E.D. Va. July 27, 2018) (quoting *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015)). However, this permission is not limitless—allegations based "upon information and belief" must be supported by "secondhand information" that provides the plaintiff a "good-faith reason" for believing it to be true. *Id.* If allegations made "upon information and belief" are not grounded in specific facts, they "veer away from supporting plausible inferences." *Virginia Transformer Corp. v. Ebbert*, No. 7:18-CV-00143, 2019 WL 1415467, at *4 (W.D. Va. Mar. 28, 2019) (quoting *Carter v. Va. Dep't of Game & Inland Fisheries*, 2018 WL 3614975, *9 (E.D. Va. July 27, 2018)). Here, Drzymala made two important claims that included allegations made "upon information and belief": (1) that a younger employee replaced him; and (2) in refuting BAE System's non-discriminatory explanation as pretextual, he states that BAE's COVID policy was enforced against him because of his age. For the reasons discussed below, both claims have sufficient anchors in specific facts or involved information in the defendant's control.

### 1. Replaced by a younger employee

Based on the *McDonnell-Douglas* framework, Drzymala needs to provide prima facie

5

evidence that his role was filled by a younger employee who was not in the same protected class. To support this claim, Drzymala made the following statements:

- "At his age, Mr. Drzymala was one of the most senior engineers working at BAE Systems prior to his termination . . . ." (*Id.* ¶ 29.)

- "Upon information and belief, after Mr. Drzymala's termination from employment, his job duties were taken over by one or more BAE Systems employees, all of whom are younger than Mr. Drzymala. (*Id.* ¶ 40; *see also* ¶ 27.)

Viewing the allegations in the light most favorable to plaintiff, the court takes as true that he was one of the most senior engineers working at BAE Systems. Therefore, if he was replaced by another BAE Systems employee, this is anchor-enough to yield his "upon information and belief" allegation plausible under *Twombly* and *Iqbal*. Whether he was replaced by another BAE Systems employee is company hiring information and thus falls under the control of the defendant. This is information that Drzymala is unlikely able to access, and he presented factual allegations to the best of his understanding. Therefore, he has sufficiently provided allegations to plausibly support the claim that a younger employee replaced him.

### 2. The COVID policy was enforced because of plaintiff's age

Under the *McDonnell-Douglas* burden-shifting framework, once the plaintiff makes a prima facie showing, "the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action." *Loose v. CSRA Inc.*, No. 19-2394, 2021 WL 4452432, at *2 (4th Cir. Sept. 29, 2021). And once the employer presents such a reason, "the burden reverts to the plaintiff to establish that the employer's nondiscriminatory rationale is a pretext for intentional discrimination." *Id.* (quoting *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 258 (4th Cir. 2006)).

Here, BAE Systems presented a non-discriminatory reason—namely, that Drzymala violated its COVID-19 policy. In response—pre-emptively, in the complaint—Drzymala claims

that the policy is selectively enforced against older employees. (Compl. ¶¶ 28–31.)[3] To support this claim, he alleges the following:

- "On or about January 26, 2021, Mr. Drzymala received a telephone call from a Facilities Electrical Maintenance Engineer who informed Mr. Drzymala that BAE had demonstrated a very inconsistent application of the quarantine policy, to-wit, allowing some employees with head cold symptoms similar to the symptom experienced by Mr. Drzymala to work at the worksite. . . . According to this employee, Mr. Drzymala was the first employee of BAE he had known to be terminated for activities that other workers had similarly engaged." (*Id.* ¶ 28.)

- "At his age, Mr. Drzymala was one of the most senior engineers working at BAE Systems prior to his termination on January 14, 2021, and was protected from age discrimination by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA")." (*Id.* ¶ 29.)

- "Upon information and belief, BAE System's decision to terminate Plaintiff was not based upon legitimate business reasons, but was merely a pretext to unlawful age discrimination, and under circumstances that raise a reasonable inference of unlawful discrimination based upon his age." (*Id.* ¶ 31.)

Drzymala's conversation with an engineer about selective enforcement and plaintiff's belief that he was one of the most senior employees at BAE Systems are specific facts that point to experience or secondhand knowledge. Thus, they are sufficient to support his allegation made "upon information and belief" that BAE Systems enforced its COVID policy as a pretext to age discrimination.

Given that both key allegations made "upon information and belief" have sufficient factual anchors, BAE System's motion to dismiss will be denied.

---

[3] Plaintiff's complaint mis-numbered its paragraphs and appears to have omitted ¶ 30.

## III.  CONCLUSION

For the foregoing reasons, the court will deny defendant's motion to dismiss.  The court will issue an appropriate order.

Entered: August 31, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge